# EXHIBIT C

| VHA Privileging Directive 1100.21 Standard Operating Procedure P27 | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

1. **Purpose**

   This Standard Operating Procedure (SOP) outlines the Fair Hearing process for an adverse privileging action of Title 38 Privileged Practitioners (i.e., reduction, revocation, or denial of privileges upon request for reprivileging). The Fair Hearing process outlined in this SOP is for purposes of privileging actions which may result in reporting to the National Practitioner Data Bank (NPDB) and required disclosure by the practitioner when applying for privileges in the future when asked about privileging action history.

   The Fair Hearing process outlined in this SOP is distinct from the due process afforded practitioners for personnel actions although the same evidence may and should be used for the related actions. Panels that are convened for purposes of personnel actions (e.g., Disciplinary Appeals Board, Summary Review Board) may utilize the same evidence used to support a privileging action but the proceedings will not be combined. The personnel action and the privileging action may take place at the same time or at separate times, and neither process has to precede the other. In those instances when they occur at the same time, the processes are to remain separate, and the determinations are separate.

   *Note: Disciplinary Appeals Boards are no longer conducting hearings on privileging actions, but the evidence used for major adverse actions and privileging actions may be identical.*

   Though personnel actions and privileging actions are not combined, it remains critical that that the servicing Human Resources office is made aware of concerns related to substandard care, professional misconduct, and/or professional incompetence when identified so that they have an opportunity to be actively involved and provide guidance regarding the impact of the privileging decision on taking a performance or conduct-based action, if appropriate and applicable. Collaboration and sharing of information between clinical leadership, Human Resources, and the District Counsel attorney is of utmost importance from the time of identification of a concern until completion of resulting personnel and privileging actions.  Employee Relations Specialists will initiate respective personnel actions separate from the privileging action and fair hearing, whether prior to, concurrently, or after.

|  | **Fair Hearing Process for Adverse Privileging Actions** | |
|---|---|---|
| *VHA Privileging Directive 1100.21 Standard Operating Procedure P27* | **Title 38 Privileged Practitioners** **Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

2. **Fair Hearing Procedure**

   When there is evidence of substandard care, professional misconduct, and/or professional incompetence that could result in an adverse privileging action being taken against a privileged practitioner (i.e., reduction, revocation, or denial of active privileges upon request of reprivileging) an evidence file will be compiled by the Clinical Service Chief, in consultation with subject matter experts as needed (e.g., Human Resources Specialists, District Counsel, Chief of Staff (COS) or designee, or Clinical Section Chiefs), to review whether a privileging action should be recommended based upon substandard care, professional misconduct, or professional incompetence. The Clinical Service Chief will use the evidence file to support a privileging action recommendation to the Executive Committee of the Medical Staff (ECMS). The ECMS will subsequently rely upon this evidence file in making its recommendation(s) to the Medical Center Director.

   a. **Evidence File Development**
      Evidence may include, but is not limited to, summary suspension letters, focused clinical care reviews, Ongoing and Focused Professional Practice Evaluations (OPPE and FPPE), FPPE for Cause notice(s) and reviews, medical records, focused clinical care reviews, reports of contact, investigation reports (e.g., Administrative Investigation Board (AIB), Office of Inspector General reports, Office of Medical Investigations reports), copies of relevant clinical contracts, and public information (e.g., notices posted by state licensing boards, and social media posts).

      **38 U.S.C. § 5705 protected information may never be utilized as evidence to recommend or decide an adverse privileging action**. 38 U.S.C. § 5705 states that protected information may "trigger" a focused clinical care review which can be used to "rediscover" 38 U.S.C. § 5705 protected information so that it may be used as evidence to support the final decision to reduce, revoke, or deny privileges. Consultation should be sought from the facility Privacy Officer or supporting District Counsel attorney if there is a question related to 38 U.S.C. § 5705 protections on potential evidence.

   b. **Executive Committee of the Medical Staff Review and Recommendation**
      (1) Once the evidence file is compiled, the COS will convene a quorum of voting members of the ECMS. The respective clinical service will then

| VHA Privileging Directive 1100.21 Standard Operating Procedure P27 | **Fair Hearing Process for Adverse Privileging Actions** <br> **Title 38 Privileged Practitioners** <br> **Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

make a recommendation (i.e., no further action, a FPPE for Cause, or privileging action (reduction, revocation, or denial of privileges upon request for reprivileging). Based upon evidence presented, the ECMS may recommend the following to the Medical Center Director: additional information be requested, no further action, a FPPE for Cause, or a privileging action. If the ECMS requests additional information from the clinical service chief, the ECMS should reconvene for a final recommendation after the additional information becomes available. The recommendation will be made via ECMS minutes.

*Note: An Acting COS has authority to chair the ECMS meeting and to make a privileging action recommendation in an Acting capacity.*

(2) The recommendation for a proposed privileging action can only be based upon evidence of substandard care, professional misconduct, and/or professional incompetence.

(3) The written minutes from the ECMS will include a summary of the evidence presented and final recommendation. Recommendations may be written as below with appropriate option selected:

 \_\_\_\_\_ Additional Information Requested
 \_\_\_\_\_ Recommend Privileging Action and request evidence package be forwarded to Human Resources (Note type of action: Revocation / Reduction/ Denial)
 \_\_\_\_\_ Recommend FPPE for Cause to be initiated by Clinical Service Chief
 \_\_\_\_\_ Recommend Administrative Denial Pending the Outcome of An Investigation (existing privileges have expired/ soon expiring and final recommendation for renewal of privileges is pending finalization of gathering of evidence)
 \_\_\_\_\_ Recommend No Further Action

*Note 1: If additional information is requested, the minutes should detail what additional information is being requested. Once collected, a quorum of voting members of the ECMS should be reconvened for final recommendation.*

3

| | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | |
|---|---|---|
| *VHA Privileging Directive 1100.21 Standard Operating Procedure P27* | | Version: 3 |
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

*Note 2: FPPEs for Cause are not privileging actions or investigations. FPPEs for Cause provide a privileged practitioner an opportunity to demonstrate successful clinical practice and improvement.*

(4) At the time the minutes are completed and sent to the Medical Center Director, the privileging action is in a status of a proposed privileging action. The signature of the minutes by the Medical Center Director is acknowledgement of the discussion and recommendation. The Medical Center Director does have discretion to request clarification regarding the recommendation or that the ECMS gather additional information for further discussion prior to proceeding with the Fair Hearing.

*Note 1: It is important that clinical leadership remain aware of the expiration date of the privileges throughout the process. If the practitioner's privileges are due to expire during the time of the investigation/evidence gathering/ hearing process, the practitioner should be asked to submit a recredentialing package and request for privileges as would normally be requested. If the existing privileges expire, a privileging action cannot be imposed upon past/nonexistent privileges. However, the privileging action would be taken upon privileges that have been requested (i.e., the recommendation will be made on the new set of privileges which have been requested at the time of reprivileging - specifically to grant or deny). If the privileges are denied, the resulting outcome is the same as if existing privileges are revoked. If evidence is still being gathered at the time of expiration, the "Administrative Denial Pending the Outcome of an Investigation" process should be used as outlined in the reference document "Practitioner Competency and Clinical Care Concerns".*

*Note 2: The term "Denial of Privileges Upon Request for Reprivileging" utilized in this document refers to denial of privileges that have been requested at the time of reprivileging. This would generally occur following an "Administrative Denial Pending the Outcome of an Investigation" and the privileged practitioner's current privilege expiration is imminent/ has occurred and privileges were requested as part of the renewal process during a period of investigation.*

| | **Fair Hearing Process for Adverse Privileging Actions** <br> **Title 38 Privileged Practitioners** <br> **Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | |
|---|---|---|
| *VHA Privileging Directive 1100.21 Standard Operating Procedure P27* | | Version: 3 |
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

c. **Fair Hearing for Proposed Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging**

  (1) When a reduction, revocation, or denial of privileges upon request for reprivileging is recommended by ECMS, it is considered a "proposed" action. The privileged practitioner will be served notice (signed by the COS) of the proposed reduction, revocation, or denial and have the opportunity to review the evidence and submit a response in writing. The notice must include:

  i. A discussion of the reason(s) for the reduction, revocation, or denial.

  ii. Notification that if a revocation or denial is affected or sustained based on the outcome of the proceedings, and the revocation or denial is for greater than 30 days, a report will be filed with the NPDB (for physicians and dentists), with a copy to the appropriate State Licensing Boards (SLBs) in all states in which the physician or dentist holds a license, and in the State in which the facility is located.

  iii. A statement of the privileged practitioner's right to be represented by an attorney or other representative of the practitioner's choice throughout the proceedings.

  iv. Advisement that a privileged practitioner who surrenders clinical privileges, resigns, retires, etc., during an investigation relating to possible professional incompetence or improper professional conduct or to avoid such investigation, must be reported to the NPDB (for physicians and dentists) in accordance with VA regulations 38 CFR Part 46 and VHA Handbook 1100.17, *National Practitioner Data Bank (NPDB) Reports*. This includes the failure of a privileged practitioner to request renewal of privileges while under investigation for professional incompetence or improper professional conduct.

  *Note: Fair hearing and due process proceedings can and should occur even if the privileged practitioner has been separated. Reporting of adverse privileging actions to the NPDB should not occur until after all due process proceedings related to the privileging action specifically have been completed. If the privileged practitioner does not request a Fair Hearing within the time period permitted, the reporting of the privileging*

5

| | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| *VHA Privileging Directive 1100.21 Standard Operating Procedure P27* | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

action to NPDB should proceed in accordance with VHA Handbook 1100.17.

(2) The notice of the proposed action will include access to the evidence utilized to make the privileging action recommendation by the ECMS.

*Note: Prior to releasing any information to the practitioner or any other individual associated with the review, consultation with the facility Privacy Officer or District Counsel is encouraged and appropriate.*

(3) The practitioner may respond in writing to the COS's written notice of the proposed privileging action within 10 business days of the date of the proposed action notice with access to the evidence. If requested by the practitioner, the COS may grant an extension for a brief period, normally not to exceed 10 additional business days, except in extraordinary circumstances. If the practitioner does not respond within the timeframe, the COS will move forward with the process as described in the following paragraphs.

(4) At the end of the response period, the COS will submit a complete package (including the evidence and any written statement submitted by the practitioner) to the Medical Center Director. The Medical Center Director will make, and document, a decision on the basis of the record. The Director will notify the practitioner of the decision and provide an opportunity for the practitioner to request a Fair Hearing for the privileging action.

(5) The practitioner must submit the request for a hearing within 5 business days after receipt of the decision letter from the Medical Center Director. If requested by the practitioner, the Medical Center Director may grant an extension for a brief period, normally not to exceed 10 additional business days, except in extraordinary circumstances. If the privileged practitioner does not request a Fair Hearing within the time permitted, the facility will move forward with finalization of the privileging action and reporting of the privileging action to the National Practitioner Data Bank.

(6) If a Fair Hearing is requested, the Medical Center Director will appoint a review panel of three professionals, within 10 business days after receipt of the practitioner's request for hearing. These three professionals will conduct a review and a hearing. At least two members of the panel must

| VHA Privileging Directive 1100.21 Standard Operating Procedure P27 | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

be members of the same occupation, i.e., physicians, APNs, dentists. If specialized knowledge is required, at least one member of the panel must be a member of the same specialty, i.e., surgeon, anesthesiologist, mental health APN. The Medical Center Director should appoint panel members who have not been involved in the review of the practitioner's conduct or performance in question prior to the fair hearing and who the Director believes will be fair and objective.

(7) The practitioner will be notified in writing of the date, time, and place of the hearing. The date of the hearing must not be less than 20 business days and not more than 30 business days from the date of the Medical Center Director's appointment letter to the panel. Additional time may be allowed by the Medical Center Director for extraordinary circumstances or cause. During such hearing, the practitioner has the right to:
  i. Be present throughout the evidentiary proceedings;
  ii. Be represented by an attorney or other representative of the practitioner's choosing;
  iii. If the practitioner is represented, this individual is allowed to act on behalf of the practitioner including questioning and cross-examination of witnesses;
  iv. Receive all evidence relied upon in bringing the privileging action.
  v. Present evidence including calling witnesses; and
  vi. Cross-examine witnesses.
  vii. Note: The practitioner has the right to purchase a copy of the transcript or tape of the hearing.

(8) The panel will complete the review and submit the report within 15 business days from the date of the close of the hearing. Additional time may be allowed by the Medical Center Director for extraordinary circumstances or cause. Since the recommendations may have an adverse impact on a practitioner, it is essential that the report effectively present findings and supporting documentation and evidence in a clearly written and organized report. Upon conclusion of the panel, with the acceptance of the report by the Medical Center Director, all evidence must be returned to the Medical Center Director, or designee.
Though format of the report may vary, the report will traditionally consist of the following sections:
  i. Authority of the panel, the purpose
  ii. Identification of pertinent information relevant to the hearing
  iii. A brief description of the scope or purpose

| VHA Privileging Directive 1100.21 Standard Operating Procedure P27 | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

    iv.   A summary that should be short and factual, identifying key evidence relevant to the hearing
    v.   A discussion of the findings which is distinct from the conclusions and recommendations. All findings should be referenced to and supported by the evidence. This is a narrative addressing the pertinent evidence and includes resolution of undisputed and disputed facts.
    vi.   An index of exhibits
    vii.   Conclusions
    viii.   Recommendations

All panel members should remember that they are serving in an advisory capacity to the Medical Center Director. The report should be signed by all members of the Panel.

(9) The Medical Center Director has authority to accept, reject, accept in part, or modify the review panel's recommendations.

*Note: If the Medical Center Director accepts in part or modifies the review panel's recommendations which results in a reduction, revocation, or denial of the practitioner's clinical privileges, reporting to the NPDB must be initiated in accordance with VHA Handbook 1100.17.*

The Medical Center Director will issue a written decision within 10 business days of the date of receipt of the panel's report. If the privileging action is sustained, the written decision will indicate the reason(s). The signature of the Medical Center Director constitutes a final action, and the reduction, revocation or denial of privileges is reportable to the NPDB (only for physicians or dentists). Reporting to the SLB should commence utilizing reportable evidence as outlined in VHA Directive 1100.18, Responding and Reporting to State Licensing Boards. Reporting to the SLB is a separate and distinct process from reporting to the NPDB; this process may take place at the same time or at separate times, and neither process has to precede the other.

*Note: The Medical Center Director is the deciding official for privileging actions within VHA (e.g., granting of privileges, suspension of privileges, revocation of privileges, and reduction of privileges). If an individual is designated as "Acting Director" or "Interim Director" during an absence of*

8

2:25-cv-02098-CSB-EIL   # 1-3   Filed: 04/03/25   Page 10 of 11

| | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | |
|---|---|---|
| *VHA Privileging Directive 1100.21 Standard Operating Procedure P27* | | Version: 3 |
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

*the Director, the Acting or Interim Director may make a final decision through the designated authority*.

(10) If the practitioner wishes to appeal the Medical Center Director's decision, the practitioner may appeal to the appropriate VISN Director within 5 business days of receipt of the Medical Center Director's decision. This appeal option will not delay the submission of the NPDB reporting in accordance with VHA Handbook 1100. 17. If the Director's decision is overturned on appeal, the report to the NPDB must be withdrawn.

(11) The VISN Director must provide a written decision, based on the record, within 20 business days after written receipt of the practitioner's appeal. The decision of the VISN Director is not subject to further appeal. The VISN Director will utilize the full evidence file including statements from the practitioner, documents provided at the fair hearing, if any, transcripts and the panel's report to support the final decision.

(12) The Credentialing and Privileging Specialist will enter the committee minutes from the ECMS meeting(s) into VetPro on the Committee Minutes Screen.

(13) When a privileging action is final, the Credentialing and Privileging Specialist should annotate in the comments section on the Appointment Screen: "Privileging Action of Practitioner effective <insert date>." State Licensing Board reporting has been/will be initiated.

(14) A failure to meet any of the deadlines established within this document does not result in the facility not being able to hold the fair hearing.

d. **Management Authority.**

(1) Nothing in these procedures restricts the authority of management to summarily suspend a privileged practitioner and administratively reassign duties in non-patient care areas or activities while the proposed reduction of privileges or discharge, separation, or termination is pending.

    i. The Medical Center Director, acting in the position of Governing Body as defined in the Medical Staff Bylaws, is the final authority for all privileging decisions. This decision must be based on the recommendations of the appropriate Service Chief(s), COS, and/or ECMS.

    ii. Furthermore, the Medical Center Director, on the recommendation of the COS, may summarily suspend privileges, on a temporary

| VHA Privileging Directive 1100.21 Standard Operating Procedure P27 | **Fair Hearing Process for Adverse Privileging Actions**<br>**Title 38 Privileged Practitioners**<br>**Reduction, Revocation, or Denial of Privileges Upon Request for Reprivileging** | Version: 3 |
|---|---|---|
| | Published by VHA Credentialing and Privileging Office | Publication Date: December 5, 2023 |

basis, when there is sufficient concern regarding patient safety or specific practice patterns.

**Revision Summary**

| Revision | Date | Changed By | Revision Description |
|---|---|---|---|
| 1 | N/A | N/A | None |
| 2 | 4/24/2024 | VHA Credentialing and Privileging Office | Added/replaced attachments |
| 3 | 8/22/2024 | VHA Credentialing and Privileging Office | Removed attachments- placed them all on SharePoint |